O
JS-6

# United States District Court
# Central District of California

SYLVIA PARKER,

        Plaintiff,

   v.

U.S. BANK TRUST, N.A. AS TRUSTEE FOR LSF9 MASTER PARTICIPATION TRUST, et al.,

        Defendants.

Case № 2:20-CV-09697-ODW (RAOx)

**ORDER REMANDING ACTION; DENYING MOTION TO DISMISS [9]; AND DENYING MOTION TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT [20]**

## I.   INTRODUCTION & BACKGROUND

Plaintiff Sylvia Parker is the putative tenant of a property that has evidently been the subject of disputed foreclosure and unlawful detainer proceedings in California state court. *See, e.g.*, *Parker v. U.S. Bank Trust, N.A.*, No. B299967 (Cal. Ct. App. Aug. 11, 2020) ("*Parker I*").[1] The California Court of Appeal recently affirmed the Superior Court's dismissal with prejudice and entry of judgment for Defendant U.S. Bank Trust, N.A. ("Defendant") and against Plaintiff in *Parker I*. *Id.*

---

[1] The Court takes judicial notice of Plaintiff's related state court matters. *See U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (finding that federal courts "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue").

Plaintiff has also attempted, unsuccessfully, to bring at least four federal actions against Defendant, apparently grounded in the same local property dispute. *See, e.g.*, *Parker v. U.S. Bank Trust, N.A.*, No. 2:19-cv-7078-GW (filed Aug. 14, 2019) (C.D. Cal. Aug. 19, 2019) ("*Parker II*") (dismissing for lack of jurisdiction Plaintiff's suit alleging violation of The Protecting Tenants at Foreclosure Act). Each of those actions was dismissed for lack of jurisdiction or as patently frivolous.[2] In October 2019, the court issued a "Notice to Plaintiff of Vexatious Litigant Rule" informing Plaintiff that "if she continues to file additional actions in federal court related to the same state court property disputes . . . she may be declared a vexatious litigant." *Parker IV*, No. 2:19-cv-7814-GW, ECF No. 19 (C.D. Cal. Oct. 7, 2019).

Following the loss of her *Parker I* appeal in August 2020, Plaintiff filed this action against Defendant in California Superior Court, County of Los Angeles. (*See* Notice of Removal Ex. 1 ("Compl."), ECF No. 1-1.) Just as in *Parker I*, Plaintiff filed a form Complaint for "General Negligence" and "Intentional Tort." (*Id.*) Her Complaint indicates that she seeks $100 million in general and punitive damages, although Plaintiff "corrected" that figure and now seeks only $1 million. (*See* Compl. 3; Pl.'s Notice 1, ECF No. 16.) On October 22, 2020, Defendant removed the action to this Court on the basis of alleged diversity jurisdiction, and subsequently moved to dismiss Plaintiff's Complaint and to declare Plaintiff a vexatious litigant. (Notice of Removal, ECF No. 1; Mot. Dismiss, ECF No. 9; Mot. Declare Pl. Vexatious Litigant, ECF No. 20.)

---

[2] *See id.; Parker v. U.S. Bank Trust, N.A.*, No. 2:19-cv-07351-GW (filed Aug. 23, 2019) (C.D. Cal. Sept. 4, 2019) ("*Parker III*") (dismissing for lack of jurisdiction and failure to state a claim Plaintiff's suit alleging fraudulent foreclosure); *Parker v. U.S. Bank Trust, N.A.*, No. 2:19-cv-7814-GW (filed Sept. 10, 2019) (C.D. Cal. Oct. 7, 2019) ("*Parker IV*") (dismissing for lack of jurisdiction Plaintiff's suit alleging wrongful foreclosure); *Parker v. U.S. Bank Trust, N.A.*, No. 2:20-cv-9820-ODW (filed Oct. 23, 2020) (C.D. Cal. Nov. 4, 2020) ("*Parker V*") (dismissing as "legally and/or factually patently frivolous" Plaintiff's suit alleging wrongful foreclosure).

## II. LEGAL STANDARD

Federal courts have subject matter jurisdiction only as authorized by the Constitution and Congress. U.S. Const. art. III, § 2, cl. 1; *see also Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court only if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). Federal courts have original jurisdiction where an action arises under federal law or where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000. *Id.* §§ 1331, 1332(a). There is a strong presumption against the exercise of removal jurisdiction and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.1992). The party seeking removal bears the burden of establishing federal jurisdiction. *Kokkonen*, 511 U.S. 375 at 377. The court must remand the action *sua sponte* "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c); *United Inv's Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 967 (9th Cir. 2004); *Csibi v. Fustos*, 670 F.2d 134, 136 n.3 (9th Cir. 1982) ("[I]t is the duty of the federal courts to assure themselves that their jurisdiction is not being exceeded.").

## III. DISCUSSION

As with each of Plaintiff's previous federal actions, this action must also be rejected for lack of jurisdiction; specifically, the Court finds the amount in controversy requirement is not met.

Generally, "the sum claimed by the plaintiff controls if the claim is apparently made in good faith." *Choudhuri v. Wells Fargo Bank, N.A.*, No. 15-cv-03608-VC, 2016 WL 3212454, at *3 (N.D. Cal. June 10, 2016) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288–89 (1938)). Yet, making a claim in "good faith" means a plaintiff's "estimations of the amounts recoverable must be realistic" and objective, not based on "fanciful, pie-in-the-sky, or simply wishful amounts." *Id.*

The court has an "independent obligation to examine its jurisdiction where doubts arise," and "would be remiss in its obligations if it accepted every claim of damages at face value." *Surber v. Reliance Nat'l Indem. Co.*, 110 F. Supp. 2d 1227, 1231 (N.D. Cal. 2000) (internal quotation marks omitted). Even liberally construing a complaint, as a court must when a plaintiff is proceeding pro se, "the [c]ourt must still have some allegations from which it may infer a good faith basis for recovery of damages in such an amount." *Singman v. Amazon.com, Inc.*, No. CV 19-10882-AB (Ex), 2020 WL 4873569, at *4 (C.D. Cal. May 27, 2020) (internal quotation marks omitted).

Plaintiff seeks $1 million in damages, but just as in Plaintiff's prior actions, that facially implausible figure does not satisfy the amount in controversy requirement.[3] The Court finds no support for Plaintiff's $1 million damages claim in Plaintiff's Complaint, Defendant's Notice of Removal, or any other filing by either party in this action. *See Surber*, 110 F. Supp. 2d at 1231 (finding amount in controversy not satisfied where damages claim was unsupported by allegations in either the plaintiff's complaint or the defendant's notice of removal).

Plaintiff's Complaint includes only a bare figure, with no facts supporting the sought-after amount as realistic or recoverable, nor linking any purported harm to any conduct by Defendant. (*See generally* Compl.) It offers no answer to how Plaintiff arrived at this figure. Such a bald unsupported assertion as to the amount in controversy will not satisfy the jurisdictional requirement. *See Choudhuri*, 2016 WL 3212454, at *3 ("[Plaintiff's] bald assertion that the amount in controversy 'is approximately $1 million' is insufficient to establish that the amount in controversy actually exceeds the jurisdictional threshold.").

Defendant, as the removing party, bears the burden to establish jurisdiction and need include only a plausible allegation that the amount in controversy is met. *Dart*

---

[3] In *Parker III*, Plaintiff sought $200 million dollars in damages, and in *Parker VI*, Plaintiff sought $225 million. In both cases, the court found Plaintiff's damages "facially implausible." *See Parker III*, No. 2:19-cv-07351-GW, ECF No. 6 at 2 (C.D. Cal. Sept. 4, 2019); *Parker IV*, No. 2:19-cv-7814-GW, ECF No. 17 at 2 (C.D. Cal. Oct. 7, 2019).

*Cherokee Basin Operating Co., LLC v.* Owens, 574 U.S. 81, 89 (2014); *Gaus*, 980 F.2d at 566.  But Defendant relies solely on Plaintiff's conclusory, implausible allegation.  (*See* Notice of Removal ¶ 8 ("Plaintiff seeks damages in the amount of $100 million and an unspecified amount in punitive damages.  Compl., p.3.").)  Thus, the Notice of Removal is similarly deficient.  *See Surber*, 110 F. Supp. 2d at 1230 (finding Defendant's Notice of Removal deficient where it "fail[ed] to allege facts that sufficiently demonstrate the requisite jurisdictional amount").

There are no factual allegations to support Plaintiff's damages figure, and this case appears no different than Plaintiff's numerous other unsuccessful federal actions against Defendant based on the same local property dispute.  As such, the Court finds Plaintiff's damages claim not made in good faith and that Defendant has failed to plausibly establish that the jurisdictional limit is satisfied.  *See Surber*, 110 F. Supp. 2d at 1231; *Choudhuri*, 2016 WL 3212454, at *3.  Accordingly, the amount in controversy requirement is not met and the Court lacks diversity jurisdiction.

## IV.   CONCLUSION

For these reasons, the Court **REMANDS** this action to the Los Angeles County Superior Court, 111 N. Hill Street, Los Angeles, California, 90012, Case No. 20STCV33994.  Defendant's motion to dismiss (ECF No. 9) and motion to declare Plaintiff a vexatious litigant (ECF No. 20) are **DENIED** as moot.  All dates are **VACATED**, including the hearing on Monday December 21, 2020.  The Clerk of the Court shall close this case.

**IT IS SO ORDERED.**

December 18, 2020

_____
**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**